APPROVED
JUNE 27, 2025
BY GOVERNOR

CHAPTER
430
PUBLIC LAW

EXHIBIT A

STATE OF MAINE

_____

IN THE YEAR OF OUR LORD

TWO THOUSAND TWENTY-FIVE

_____

H.P. 1188 - L.D. 1777

An Act to Reduce Costs and Increase Customer Protections for the State's Net Energy Billing Programs

**Be it enacted by the People of the State of Maine as follows:**

**Sec. 1. 35-A MRSA §3209-A, sub-§2-A** is enacted to read:

**2-A. Billing term length.** An amendment, revision or reissuance of a net energy billing agreement made after June 1, 2025 may not include a delivery period end date that is later than the end date provided for in the agreement that is subject to the amendment, revision or reissuance.

**Sec. 2. 35-A MRSA §3209-A, sub-§10** is enacted to read:

**10. Applicability; net energy billing agreement.** After December 31, 2025, the commission may not allow a transmission and distribution utility to enter into a net energy billing agreement with a distributed generation resource that is interconnected or planned to be interconnected to the distribution grid on the utility side of a customer's utility meter.

**Sec. 3. 35-A MRSA §3209-A, sub-§11** is enacted to read:

**11. Distributed energy resource program.** Notwithstanding any provision of this section to the contrary, after December 31, 2025, the commission may not allow a transmission and distribution utility to enter into a net energy billing agreement with a distributed generation resource that is interconnected or planned to be interconnected to the distribution grid on the utility side of a customer's utility meter.

**Sec. 4. 35-A MRSA §3209-B, sub-§5,** as amended by PL 2021, c. 659, §19, is further amended to read:

**5. Tariff rate; bill credits.** The commission shall establish by rule tariff rates for customers participating in the program. ~~The initial tariff rate must be established no later than December 1, 2019.~~

A. The tariff rate for a customer participating in net energy billing with a distributed generation resource described in this paragraph, until December 31, 2025, must equal the standard-offer service rate established under section 3212 that is applicable to the customer receiving the credit plus 75% of the effective transmission and distribution

rate for the rate class that includes the smallest commercial customers of the investor-owned transmission and distribution utility.  The tariff rate under this paragraph applies to net energy billing with a distributed generation resource:

    (1)  With a nameplate capacity of greater than one megawatt if:

        (a)   The entity developing the distributed generation resource certifies by affidavit with accompanying documentation to the commission that the entity, before September 1, 2022, commenced on-site physical work of a significant nature on the distributed generation resource and the entity has made and will continue to make continuous on-site construction efforts to advance toward completion of the distributed generation resource. For the purpose of this paragraph, continuous on-site construction efforts include, but are not limited to, in the context of a solar facility, the continuous installation of racks or other structures to affix photovoltaic panels, collectors or solar cells to a site.  The commission may share information contained in the affidavit submitted in accordance with this paragraph with a transmission and distribution utility, as necessary, to verify a distributed generation resource's compliance with this section. In administering this subsection, the commission may adopt rules including, but not limited to, requiring the entity that submits a sworn affidavit under this subparagraph to provide updated documentation to the commission after submission of the affidavit; or

        (b)  The distributed generation resource is collocated with a net energy billing customer that is or net energy billing customers that are subscribed to at least 50% of the facility's output; or

    (2)  With a nameplate capacity of one megawatt or less.

<u>After December 31, 2025, the tariff rate must be calculated in accordance with paragraph A-2.</u>

A-1.  The tariff rate for a customer participating in net energy billing under this section with a distributed generation resource not governed by paragraph A must:

    (1)  In 2022, equal the standard-offer service rate established pursuant to section 3212 that was applicable to the rate class of the customer receiving the credit on December 31, 2020 plus 75% of the effective transmission and distribution rate that was in effect on December 31, 2020 for the rate class that includes the smallest commercial customers of the investor-owned transmission and distribution utility; and

    (2)  Increase by 2.25% on January 1st of each subsequent year, beginning January 1, 2023.

<u>A-2.  Beginning January 1, 2026, the commission shall establish the tariff rate for a customer participating in net energy billing under this section with a distributed generation resource described in paragraph A in accordance with this paragraph.</u>

    <u>(1)  For a distributed generation resource with a nameplate capacity of 3 megawatts or more and less than 5 megawatts, the tariff rate must:</u>

        <u>(a)   Equal the tariff rate calculated under paragraph A-1 applicable in 2026; and</u>

(b)  Increase by 2.25% on January 1st of each year, beginning January 1, 2027.

(2)  For a distributed generation resource with a nameplate capacity of less than 3 megawatts, the tariff rate must:

(a)  Equal the tariff rate established by the commission pursuant to paragraph A that was applicable in 2025 to the rate class of the customer receiving the credit; and

(b)  Increase by 2.25% on January 1st of each year, beginning January 1, 2027.

B.  A customer participating in the program must receive for electricity delivered to the electric grid from a distributed generation resource in which the customer has a financial interest a bill credit based on the tariff rate to apply against the costs of electricity delivered to the customer by the investor-owned transmission and distribution utility.

C.  A bill credit under the program as described in paragraph B may be applied to any portion of a customer's electricity bill.  Credits that remain unused at the end of any billing period may be carried forward for up to one year from the end of that billing period.

D.  A customer participating in the program who remains eligible to participate in the program must be allowed to receive a bill credit based on the tariff rate for a period of no less than 20 years from the date of first receiving the credit.

The commission shall publish the tariff rates established in accordance with this subsection on its publicly accessible website.

**Sec. 5.  35-A MRSA §3209-B, sub-§7,** as amended by PL 2023, c. 411, §3, is further amended to read:

**7.  Applicability.**  The applicability of this section is limited by the requirements of section 3209-A, ~~subsection 7 and subsection 9~~ subsections 7, 9 and 10.

**Sec. 6.  35-A MRSA §3209-B, sub-§9** is enacted to read:

**9.  Distributed energy resource program.**  Notwithstanding any provision of this section to the contrary, after December 31, 2025, the commission may not allow a transmission and distribution utility to enter into a net energy billing agreement with a distributed generation resource that is interconnected or planned to be interconnected to the distribution grid on the utility side of a customer's utility meter.

**Sec. 7.  35-A MRSA §3209-D,** as enacted by PL 2023, c. 411, §6, is repealed.

**Sec. 8.  35-A MRSA §3209-E, sub-§1, ¶A,** as enacted by PL 2023, c. 411, §7, is amended to read:

A.  "Distributed generation resource" ~~has the same meaning as in section 3209-D, subsection 1, paragraph A.~~ means an electric generating facility that uses a renewable fuel or technology under section 3210, subsection 2, paragraph B-3, is located in the service territory of a transmission and distribution utility in the State and:

(1)  Has met or is reasonably likely to meet the requirements of section 3209-A, subsection 7, paragraph E, as determined by the commission; or

 (2) Has a nameplate capacity of at least one megawatt and not more than 2 megawatts and:

  (a) Is a member of a cluster study conducted by the transmission and distribution utility with which the distributed generation resource is seeking to interconnect; or

  (b) Is likely to receive required transmission approval from the New England independent system operator on or before April 30, 2024.

**Sec. 9. 35-A MRSA §3209-F** is enacted to read:

**§3209-F. Net energy billing project charge for certain distributed generation projects**

 **1. Net energy billing project charge defined.** As used in this section, "net energy billing project charge" means a monthly fee determined by the commission by rule in accordance with this section that a transmission and distribution utility must use to offset distribution costs associated with net energy billing arrangements under sections 3209-A and 3209-B that would otherwise be paid by ratepayers, as determined by the commission.

 **2. Net energy billing project charge; applicability.** Except as provided in subsection 5, the commission shall require a transmission and distribution utility to assess each distributed generation resource participating in net energy billing with a shared financial interest customer in accordance with section 3209-A, subsection 3. The commission shall adopt rules to determine the net energy billing project charges applicable to distributed generation resources described in subsection 3 and establish a process by which a transmission and distribution utility must apply net energy billing project charges against costs associated with net energy billing.

 **3. Initial net energy billing project charge.** Beginning January 1, 2026, the initial monthly net energy billing project charge established by the commission must be:

 A. For a distributed generation resource with a nameplate capacity of 3 megawatts or more and less than 5 megawatts, $6.00 multiplied by the nameplate capacity of the distributed generation resource in kilowatts;

 B. For a distributed generation resource with a nameplate capacity of one megawatt or more and less than 3 megawatts, $2.80 multiplied by the nameplate capacity of the distributed generation resource in kilowatts; and

 C. For a distributed generation resource with a nameplate capacity of less than one megawatt, zero.

 **4. Adjustment of net energy billing project charge; compensation.** The commission shall periodically by rule increase the initial net energy billing project charge to account for increases in transmission and distribution rates. Compensation to a distributed generation resource related to transmission and distribution rate credits may not increase by more than 2.25% per year.

 **5. Exceptions.** A distributed generation resource is exempt from the net energy billing project charge established in this section if the distributed generation resource demonstrates in a manner satisfactory to the commission that the distributed generation resource is:

 A. Wholly owned by the customer or customers receiving the net energy billing credits associated with the output of the distributed generation resource; or

B. Wholly owned by a cooperative corporation organized under Title 13, chapter 85.

**6. Rules.** The commission shall adopt rules to implement this section. Rules adopted pursuant to this subsection are routine technical rules as defined in Title 5, chapter 375, subchapter 2-A.

**Sec. 10. 35-A MRSA §3209-G** is enacted to read:

**§3209-G. Net energy billing cost rate year adjustment**

**1. Adjustment of net energy billing cost rate year.** The commission shall require a transmission and distribution utility to reconcile costs associated with net energy billing under sections 3209-A and 3209-B, as determined by the commission, in a rate year to begin on January 1st of each year, starting in 2026.

**2. Rules.** The commission may adopt rules to implement this section. Rules adopted pursuant to this subsection are routine technical rules as defined in Title 5, chapter 375, subchapter 2-A.

**Sec. 11. 35-A MRSA §3209-H** is enacted to read:

**§3209-H. Net energy billing project procurement**

**1. Definitions.** As used in this section, the following terms have the following meanings.

A. "Distributed generation resource" has the same meaning as in section 3209-A, subsection 1, paragraph B.

B. "Eligible resource" means a distributed generation resource:

(1) That reaches commercial operation before November 1, 2025;

(2) That is participating in net energy billing pursuant to section 3209-A or 3209-B; and

(3) For which 75% or less of the bill credits associated with the distributed generation resource are allocated to a customer of or subscriber to the resource.

**2. Competitive procurement.** The commission shall direct investor-owned transmission and distribution utilities to enter into one or more contracts for energy or renewable energy credits or both from eligible resources in accordance with this section. The commission may not require a distributed generation resource to contract for the sale of energy or renewable energy credits under this section.

A. By November 1, 2025, the commission shall initiate a competitive solicitation for contracts under this section for energy or renewable energy credits or both in an amount determined by the commission.

B. The commission may initiate additional competitive solicitations in its sole discretion after consultation with the Governor's Energy Office.

C. The commission may not award a contract to an eligible resource participating in net energy billing pursuant to section 3209-A at a rate that exceeds the tariff rate calculated under section 3209-B, subsection 5, paragraph A-1 applicable on November 1, 2025 to medium commercial customers as defined in section 3106, subsection 1, paragraph B or industrial customers in the transmission and distribution service territory in which the eligible resource is located.

D. The commission may not award a contract to an eligible resource participating in net energy billing pursuant to section 3209-B at a rate that exceeds 70% of the tariff rate calculated under section 3209-B, subsection 5, paragraph A-1 applicable on November 1, 2025 to medium commercial customers as defined in section 3106, subsection 1, paragraph B or industrial customers in the transmission and distribution service territory in which the eligible resource is located.

**3. Contract terms.** A contract entered into pursuant to this section must be for a term of no more than 20 years or the remainder of the eligible resource's net energy billing agreement with a transmission and distribution utility, whichever is shorter, unless the commission finds a contract for a longer term to be prudent.

**4. Rules.** The commission may adopt rules to implement this section. Rules adopted in accordance with this subsection are routine technical rules as defined in Title 5, chapter 375, subchapter 2-A.

**Sec. 12. 35-A MRSA §3209-I** is enacted to read:

**§3209-I. Front of meter distributed energy resource program**

**1. Front of meter distributed energy resource defined.** As used in this section, "front of the meter distributed energy resource" means an electric generating facility that uses a renewable fuel or technology under section 3210, subsection 2, paragraph B-3, is located in the service territory of a transmission and distribution utility in the State and is interconnected to the distribution grid on the utility side of a customer's utility meter.

**2. Program design; implementation.** The Governor's Energy Office shall design a program or programs to encourage the development of front of the meter distributed energy resources in the State and submit the proposed program or programs to the commission. If the commission finds that a program or programs proposed by the office provide benefits to ratepayers in the State in excess of the costs to ratepayers, the commission shall by rule implement the program or programs.

**3. Rules.** The commission may adopt rules to implement this section. Rules adopted pursuant to this subsection are routine technical rules as defined in Title 5, chapter 375, subchapter 2-A.

**Sec. 13. 35-A MRSA §3210-G, sub-§3,** as amended by PL 2023, c. 411, §8, is further amended to read:

**3. Report.** No later than March 31, 2023 and biennially thereafter, the commission shall submit a report regarding the status of contracts for Class IA resources under this section and the status of contracts for energy or renewable energy credits from distributed generation resources under section ~~3209-D~~ 3209-H to the joint standing committee of the Legislature having jurisdiction over utilities and energy matters. The report must include, but is not limited to, a description of Class IA resources participating in competitive solicitations, information about the resources selected for contracts and the selection process, the benefits and costs of the contracts and recommendations about how to further stimulate investment in Class IA resources or achieve ratepayer benefits from Class IA resources.  The report may include information about benefits and costs of the contracts to the State's economy, environmental quality or electricity consumers over both the short and long terms.  Any analysis of the benefits or costs of the contracts must be based on a forecast

of all avoided costs resulting from the contracts that is transparent and balanced over the long term.

**Sec. 14. Distributed energy resource program; development.** By September 30, 2026 and in accordance with the Maine Revised Statutes, Title 35-A, section 3209-I, subsection 2, the Governor's Energy Office, referred to in this section as "the office," shall design and submit to the Public Utilities Commission, referred to in this section as "the commission," a proposed front of the meter distributed energy resource program or programs to succeed the net energy billing programs established in Title 35-A, sections 3209-A and 3209-B for front of the meter distributed energy resources. For the purposes of this section, "front of the meter distributed energy resource" has the same meaning as in Title 35-A, section 3209-I, subsection 1.

In designing the program or programs, the office shall consider:

1. The marginal benefit to ratepayers in the State of the time value of generation and the location of generation;

2. Reasonable compensation rates specific to a distributed energy resource's size and generation type;

3. The development and use of a compensation model based on the value of distributed energy resources;

4. Opportunities for a load reducer program for commercial customers;

5. Incentivizing energy storage that provides benefits to ratepayers in the State; and

6. Necessary changes to utility rate structure, billing systems, data collection or metering to implement the program.

The office may consider other factors the office determines appropriate and shall solicit public input prior to the submission of a program design to the commission.

To support the office's development of the program, the office may request funds from the commission for the office's administrative costs, which may include, but are not limited to, costs associated with hiring consultants and office personnel and contracting for technical analysis in the design of the program or programs. Notwithstanding Title 35-A, section 117, if the office requests funding in accordance with this section, the commission may provide funding, to the extent available, from the Public Utilities Commission Reimbursement Fund under Title 35-A, section 117. If the Public Utilities Commission Reimbursement Fund does not have sufficient funding, notwithstanding Title 35-A, section 116, subsection 4, the commission may provide funding in accordance with this section from the Public Utilities Commission Regulatory Fund.

In accordance with Title 35-A, section 3209-I, the commission shall approve or reject the proposed program or programs submitted by the office pursuant to this section as expeditiously as possible, but no later than 120 calendar days after the commission receives the design from the office unless otherwise requested by the office. If the commission finds that the program provides benefits to ratepayers in the State in excess of the costs to ratepayers, the commission shall implement the program by rule.

**Sec. 15. Net energy billing; consumer protections.** In accordance with the Maine Revised Statutes, Title 35-A, section 3209-A, subsection 5, paragraph E, by November 1, 2025, the Public Utilities Commission shall initiate rulemaking to establish

consumer protection standards for customers participating in net energy billing pursuant to Title 35-A, section 3209-A. The rules must:

1. Require that a distributed generation resource providing service to a customer participating in a net energy billing arrangement based upon a shared financial interest in the distributed generation resource establish a subscription size for a customer that is based on historical customer usage, while taking into account anticipated increases in usage, and require a project sponsor to adjust the customer's subscription size as needed to match changes in usage;

2. Prohibit project sponsors or operators of distributed generation resources from retaining customer payment for unused kilowatt-hour credits that have expired;

3. For a customer participating in net energy billing, require a transmission and distribution utility to provide the relevant project sponsor or owner of a distributed generation resource with the customer's usage and billing information, including net energy billing data needed to administer a customer's net energy billing arrangement; and

4. Prohibit participation in more than one net energy billing agreement pursuant to Title 35-A, section 3209-A, subsection 3 per residential account simultaneously.

Notwithstanding any provision of Title 35-A, section 3209-A to the contrary, rules adopted by the commission pursuant to this section are routine technical rules as defined in Title 5, chapter 375, subchapter 2-A.